F I L E D
CLERK OF COURT

2024 AUG 28 PM 4: 38

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0415-23** |
| v. | |
| **CHRISTIAN RICK ADA,**<br>DOB: 05/14/2005 | **DECISION AND ORDER** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on May 29, 2024, for a hearing on Defendant Christian Rick Ada's ("Defendant") Motion to Dismiss for Lack of Probable Cause. Assistant Attorney General Leah Diaz-Aguon represents the People of Guam ("The People"), and Assistant Alternate Public Defender Theresa C. Dunphy represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENYING** Defendant's Motion to Dismiss.

### BACKGROUND

On December 13, 2023, Defendant appeared before the Honorable Magistrate Judge Jonathan R. Quan for a Magistrate's Hearing. The People charged the Defendant with Disorderly Conduct (As a Petty Misdemeanor), in violation of 9 G.C.A § 61.15(a)(1) and (c).[1] (Magistrate's Compl., Dec. 13, 2023). This charge stems from allegations that on or about December 11, 2023, the Defendant saw Attshawn Kasuta (Kasuta) and Bernett Ringlen (Ringlen) about to fight at John F. Kennedy High

---

[1] The People charged Defendant's coactor Attshawn Kasuta (aka Att Shawn Kasuta) with Assault (As a Misdemeanor), in violation of 9 GCA § 19.30 (a)(1) and Disorderly Conduct (As a Petty Misdemeanor) in violation of 9 GCA § 61.15 (a)(1) and (c).

*People of Guam v. Ada*
Case No. CM0415-23
Decision and Order

School in Tamuning, Guam. (Decl. of Renaida Z. San Nicolas, Magistrate's Compl., Dec. 13, 2023). The Defendant then saw Kasuta and Ringlen on the ground and other students jumping in. *Id.* The Defendant joined in and tried to pull Ringlen off the ground. *Id.* The Defendant then punched someone but could not identify who he punched. *Id.*

On April 16, 2024, the Defendant filed a Motion to Dismiss for Lack of Probable Cause. The Defendant argues that under 8 G.C.A. § 15.20 and 45.20(b) this matter should be dismissed for lack of probable cause. *See generally,* Mot. to Dismiss, Apr. 16, 2024. The People filed an Opposition on May 6, 2024, arguing that the Defendant's motion is not allowable under 8 G.C.A §65.15. *See generally,* Opp., May 6, 2024. The Defendant filed a Reply on May 9, 2024, arguing that the People failed to file a timely opposition, a motion to dismiss for lack of probable cause is allowable under 8 G.C.A §65.15(d), and that the People's statement of factual and procedural history is incorrect. *See generally,* Reply, May 9, 2024.

The Court held a hearing on May 29, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I.  IT HAS BEEN PREVIOUSLY ESTABLISHED THAT THERE EXISTS PROBABLE CAUSE REGARDING THE CHARGE SPECIFIED IN THE COMPLAINT.

8 G.C.A. § 45.20(a) states that "where a person is arrested without a warrant, at or before the time he is brought before the court pursuant to § 45.10, the prosecuting attorney shall file a complaint which satisfies the requirements of § 15.10 and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it." On December 13, 2023, the Defendant appeared before the Honorable Magistrate Judge Jonathan R. Quan for a Magistrate's Hearing. At that hearing the People charged the Defendant with Disorderly Conduct (As a Petty Misdemeanor) in violation of 9 G.C.A §61.15(a)(1) and (c). Magistrate Judge Quan determined that probable cause existed regarding the charge specified in the complaint pursuant to 8 G.C.A. §45.20(b). The Defendant was released with conditions and an arraignment was set for December 20, 2023. The

*People of Guam v. Ada*
Case No. CM0415-23
Decision and Order

Defendant argues that there is no probable cause to support the complaint. *Id.* However, Magistrate Judge Quan had previously determined that the declaration showed probable cause that the offense of Disorderly Conduct (As a Petty Misdemeanor) had been committed and that the Defendant had committed it.

## II. THE PEOPLE'S COMPLAINT AND DECLARATION DOES NOT LACK SPECIFICITY AND DOES STATE AN OFFENSE.

8 G.C.A. § 65.15(b) allows for defenses and objections based on defects in the indictment, information, or complaint. The Defendant argues that the People's complaint and declaration is defective because it lacks specificity and fails to state an offense. *See* Reply, May 9, 2024. For a complaint and declaration to be defective it must not specify, define, or allege unlawful conduct and elements of the offense. *Ex parte Munoz,* 657 S.W.2d 105 (Tex. Crim. App. 1983). The complaint alleges the following:

Charge Three

On or about the 11th day of December, 2023, the Defendant did commit the offense of Disorderly Conduct (As a Petty Misdemeanor), in that he did recklessly create a risk of public inconvenience, annoyance or alarm by engaging in fighting or threatening, or in violent or tumultuous behavior, in violation of 9 G.C.A. §61.15(a)(1) and (c).

(Magistrate's Compl., Dec. 13, 2023).

The People's complaint and declaration specifies and defines that the Defendant allegedly did commit the offense of Disorderly Conduct (As a Petty Misdemeanor), in that he did recklessly create a risk of public inconvenience, annoyance or alarm by engaging in fighting or threatening, or in violent or tumultuous behavior. Therefore, the People's complaint and declaration is not defective pursuant to 8 G.C.A. § 65.15(b).

## III. THE DISREGARD OF UNTIMELY FILED OPPOSITIONS DOES NOT REQUIRE A COURT TO AUTOMACITCALLY GRANT THE MOTION AND IS NOT DISPOSTIVE OF THE MOTION ITSELF.

*People of Guam v. Ada*
Case No. CM0415-23
Decision and Order

The Defendant requests that the Court strike the People's Opposition and not consider its arguments due to the People not filing a timely opposition. *See,* Reply, May 9, 2024. The disregard of untimely filed papers does not require a court to automatically grant the motion. *Quitugua v. Flores,* 2004 Guam 19. "The court has a duty to analyze the merits of the motion before rendering its decision." *Id.* Therefore, the People's untimely opposition is not dispositive of the Defendant's motion to dismiss, and this Court has the duty to analyze the merits of the motion before it.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED** this 06/28/24.

_____
**HONORABLE VERNON P. PEREZ**
**Judge, Superior Court of Guam**

*People of Guam v. Ada*
Case No. CM0415-23
Decision and Order